## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MELISSA KING,<br>            Appellant, | DOCKET NUMBER<br>CH-1221-23-0049-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>            Agency. | DATE: February 28, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan V. Edmunds, Esquire, Christopher Snowden, Esquire, and
    Samir Nakleh, Esquire, Ponte Vedra Beach, Florida, for the appellant.

Gary P. Chura, Esquire, Fort Leonard Wood, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's conclusion that the appellant did not nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and to find that the appellant did not establish Board jurisdiction over a claim that the agency perceived her as a whistleblower, we AFFIRM the initial decision.

## BACKGROUND

The appellant worked as a GS-0681-04 Dental Assistant at the United States Army DENTAC Command, Central Dental Health Activity, in Fort Leonard Wood, Missouri. Initial Appeal File (IAF), Tab 1 at 1. Her career-conditional appointment, effective March 1, 2021, was subject to the completion of a 2-year probationary period. IAF, Tab 18 at 39. On June 24, 2022, the agency notified the appellant that it was terminating her effective July 1, 2022, for failure to demonstrate the skills and character traits necessary for satisfactory performance of her position. IAF, Tab 2. On July 14, 2022, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that her termination was in retaliation for protected activity including reporting issues

she had with a coworker, filing a classification appeal, and requesting union assistance. *See* IAF, Tab 6, Tab 7 at 4-5, Tab 8. On October 17, 2022, OSC notified the appellant that it was closing her case and informed her of her right to file an IRA appeal with the Board. IAF, Tab 8 at 4.

The instant, timely appeal followed. IAF, Tab 1. The appellant raised the same allegations set forth in her OSC complaint. *See* IAF, Tab 1 at 6, Tab 7 at 4-5. The administrative judge issued an order informing the appellant of the applicable legal standards and burdens of proof for establishing Board jurisdiction in an IRA appeal and instructed the parties to submit evidence and argument regarding whether the Board had jurisdiction over the appellant's claims. IAF, Tab 4. Both parties submitted several responses. The administrative judge subsequently issued an initial decision, without holding the requested hearing, dismissing the appeal for lack of jurisdiction. IAF, Tab 24, Initial Decision (ID) at 1-2. The administrative judge first found that the appellant exhausted her claims that she disclosed several grievances to her union and her supervisor regarding day-to-day aspects of her job, including the duration of regularly scheduled breaks and lunch, being asked to report to another duty station during her shift, and having an unspecified issue with a coworker, and that she filed a "classification appeal" with the Office of Personnel Management (OPM) asking to have her position re-graded. ID at 4-5. However, the administrative judge concluded that the appellant did not nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9). ID at 5-9. He therefore found that the appellant did not establish Board jurisdiction over her appeal. ID at 9-10.

The appellant, who was pro se below and is now represented by counsel, has filed a petition for review. Petition for Review (PFR) File, Tab 1. She argues that the administrative judge erred by not finding that her grievance to her supervisor claiming that the agency was violating the union's collective bargaining agreement (CBA) by not allowing allotted break times constituted a

protected disclosure and that the agency perceived her as a whistleblower, *id.* at 6, 8-12, and that the administrative judge should have afforded her a "special accommodation" because she was proceeding pro se, *id.* at 6-8. The agency did not file a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over an IRA appeal, an appellant must show that she exhausted her administrative remedies before OSC and make the following nonfrivolous allegations: (1) that she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) that the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1). A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.* As relevant here, protected activity under section 2302(b)(9)(A)(i) includes "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . with regard to remedying a violation of [section 2302(b)(8)]." 5 U.S.C. § 2302(b)

(9)(A)(i). Thus, only complaints seeking to remedy whistleblower reprisal are covered under section 2302(b)(9)(A)(i). *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013).

<u>The administrative judge correctly found that the appellant did not nonfrivolously allege that she made protected disclosures.</u>

Below, the appellant argued that she made protected disclosures when she submitted grievances to her union and to her supervisor regarding issues with break time, eating at work, and utilizing a personal vehicle to transfer between duty locations. *See* IAF, Tab 5, Tab 14. In particular, she alleged that she complained to both her union and supervisor about not being allowed or able to take full break and lunch times, and that this disclosed a "violation of the laws to the union," and that, as a whole, her disclosures evidenced a violation of law, rule or regulation, gross mismanagement, and an abuse of authority. IAF, Tab 7 at 4, Tab 14 at 3.

In the initial decision, the administrative judge concluded that the record did not support finding that the appellant nonfrivolously alleged that she made a protected disclosure under 5 U.S.C. §2302(b)(8). ID at 7. He specifically found that the appellant's grievances did not disclose a violation of law, rule or regulation, gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety, although he did not explicitly detail why he found that the appellant did not disclose a violation of a law, rule, or regulation. ID at 8. The administrative judge noted that the appellant had at most complained about not getting sufficient break periods or other benefits that she may or may not have been entitled to under the CBA, and that her grievances related exclusively to her disagreements with her supervisor about job breaks and similar day-to-day perks. ID at 8-9.

On review, the appellant contends that the administrative judge should have considered that she reasonably believed that her disclosure that the agency was violating the CBA by not allowing allotted rest times was a violation of the

"regulations governing the agency." PFR File, Tab 1 at 8. She explains that after she made this disclosure to her supervisor, an agency official stated in an email response discussing the language of the CBA concerning rest periods that the CBA constitutes "policies and regulations that legally govern" the agency. *Id.* at 11; *see also* IAF, Tab 7 at 42. The appellant claims that the agency's statement therefore indicates that both she and the agency reasonably believed that she was disclosing a violation of law, rule, or regulation.[2] PFR File, Tab 1 at 11.

We are not persuaded. Regardless of whether the parties' CBA is considered a "law, rule, or regulation" for purposes of 5 U.S.C. § 2302(b)(8), we find that the appellant did not nonfrivolously allege that a reasonable person would believe that the agency violated the CBA here. *See Salerno*, 123 M.S.P.R. 230, ¶ 6. The cited provision of the CBA regarding rest periods reflects that the agency "will make every effort" to plan work so as to permit a 15-minute rest period during each one-half work shift of each workday, taken in either increments or all at one time, but that variations in workload will be taken into consideration in scheduling the rest period. IAF, Tab 7 at 20. The provision does not make rest periods mandatory, nor does it dictate that they be taken at a certain time as the appellant had complained about. *Id.*; *see also* IAF, Tab 7 at 4. Instead, the provision allows for discretion and consideration of variables such as workload. Indeed, the appellant's union representative acknowledged this fact in her email to the agency raising this same complaint in which she conceded that "it is true" that mission requirements may require a civilian to work through a morning or afternoon break, and she in fact emphasized the specific language of the provision that makes it flexible. IAF, Tab 7 at 17. Furthermore, contrary to

---

[2] In her petition for review, the appellant does not dispute nor discuss any findings related to her grievances regarding changing duty stations, having an unspecified issue with a coworker, or her "classification appeal" with OPM. *See* PFR File, Tab 1. We see no reason to disturb the initial decision in this regard. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

the appellant's suggestion otherwise, the union's email does not clearly allege a violation of the CBA and the record does not contain a grievance on this issue that asserts as much. *See* PFR File, Tab 1 at 3-4; IAF, Tab 7 at 17-19. Accordingly, based on the record before us we find that a reasonable person reviewing the CBA could not conclude that the agency violated it by sometimes not allowing full rest periods or rest periods at a specific time. Accordingly, we agree with the administrative judge that the appellant did not nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).[3] *See* ID at 9.

The appellant did not nonfrivolously allege that the agency perceived her as a whistleblower who made or intended to make disclosures that evidenced a type of wrongdoing listed under 5 U.S.C. § 2302(b)(8).

In her petition for review, the appellant also claims that the administrative judge erred by failing to consider that the agency perceived her as a whistleblower making a protected disclosure of a violation of law, rule, or regulation since the agency indicated in its email to her that the CBA is a policy and regulation governing the agency. PFR File, Tab 1 at 8. Although the appellant mentioned being perceived as a whistleblower in her jurisdictional pleadings below, the administrative judge did not address it.[4] *See* IAF, Tab 14 at 3-4. We thus modify the initial decision to find that the appellant's claim is unavailing.

Under certain circumstances, an appellant can establish jurisdiction over an IRA appeal without making a nonfrivolous allegation that she made a protected disclosure. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011).

---

[3] Consequently, we also agree that the administrative judge correctly concluded that the appellant's grievances were not directed to remedying a violation of 5 U.S.C. § 2302(b)(8) and thus that her allegations do not support Board jurisdiction as protected activity under 5 U.S.C. § 2302(b)(9). *See* ID at 8-9.

[4] The administrative judge did, however, properly advise the appellant of her burden to establish a claim that the agency perceived her as a whistleblower in his jurisdictional order. IAF, Tab 4 at 5.

Specifically, an individual who is perceived as a whistleblower is still entitled to the protections of the Whistleblower Protection Act, as amended by the Whistleblower Protection Enhancement Act of 2012, even if she has not made protected disclosures or engaged in protected activity. *Id.*; *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 12-13 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. To establish the Board's jurisdiction over a claim of retaliation for being perceived as a whistleblower, the appellant must show that she exhausted her administrative remedies with OSC and make nonfrivolous allegations that (1) the agency perceived her as making or intending to make a whistleblowing disclosure, or engaging in or intending to engage in a protected activity, and (2) the agency's perception was a contributing factor in its decision to take or not take the personnel action at issue. *See Corthell*, 123 M.S.P.R. 417, ¶¶ 12-13; *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 8 (2013).

Here, we find that the appellant exhausted her administrative remedies before OSC. The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC. *Id.* An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. The appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. *Id.*. In this case, the appellant stated in the attachment to her OSC complaint that her supervisor told her that management knew she was the one to complain to the union about break and lunch times and that she believed management viewed her actions as a challenge to their authority. IAF, Tab 7 at 4-5. She also claimed several times that her supervisors knew she "was responsible" for various grievances and complaints made prior to her termination, suggesting that this

played a role in her termination. *Id.* Taken as a whole and in context, we find that the appellant's OSC complaint sufficiently contained an allegation that she was perceived as a whistleblower. The appellant therefore exhausted her administrative remedies as to this claim.

However, we find that the appellant did not make a nonfrivolous allegation that agency officials involved believed that she made or intended to make disclosures that evidenced a type of wrongdoing listed under 5 U.S.C. § 2302(b)(8). As set forth above, the CBA provision regarding rest periods contains non-compulsory language, which even the appellant's union representative acknowledged. *See* IAF, Tab 7 at 20. Indeed, when the appellant complained to her supervisor that she "had not been able to take [her] contractual 15-minute break at 11:20 a.m.," her supervisor responded specifically emphasizing the non-mandatory language of the CBA provision. IAF, Tab 7 at 4, 20. We find that these communications indicate that the agency did not reasonably perceive the appellant as disclosing a violation of law, rule, or regulation—assuming the CBA qualifies as such for purposes of 5 U.S.C. § 2302(b)(8). As a result, the appellant has not established jurisdiction over her claim that the agency retaliated against her based on its perception that she was a whistleblower.

The appellant's remaining claim provides no basis for disturbing the initial decision.

As noted above, the appellant also argues on review that the administrative judge erred by not affording her "special accommodation" because she was proceeding pro se. PFR File, Tab 1 at 6-8. She compares the facts of her case to those presented in *O'Keefe v. U.S. Postal Service*, 318 F.3d 1310 (Fed. Cir. 2002), in support of her argument that the administrative judge should have notified her that she "lacked evidence to prove her case," had a phone call with her to discuss the evidence required for her case, or should have otherwise provided her with additional guidance. *Id.*; *see also Goodnight v. Office of Personnel Management*, 49 M.S.P.R. 184, 188 (1991) (remanding an appeal

because the administrative judge did not advise the pro se appellant before the record closed of her burden and the evidentiary requirements).

The appellant's claim has no merit. The administrative judge's jurisdictional order thoroughly informed her of the type of information and evidence necessary for her to prove her case. *See* IAF, Tab 4. In fact, the administrative judge explicitly and clearly laid out each piece of information needed for the appellant to support her claim. *Id.* at 7. The appellant filed several jurisdictional responses and submitted a variety of evidence demonstrating that she understood her burden. IAF, Tabs 5-8, 14-17, 19-21. Furthermore, the administrative judge plainly stated in his jurisdictional order that the appellant could call his office if she had "a question about any of the case processing instructions in this Order." IAF, Tab 4 at 1.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:               _____
                             Gina K. Grippando
                             Clerk of the Board
Washington, D.C.